**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

THELMA GAMBLIN, HERBERT C. ALLEN, SR.,
NANIE G. ALLEN, EARL GLENN, SR., HATTIE
GLENN, WILLIE GRAVES, WILLIE B. HARRIS,
VIOLA HARRIS, WILLIE JONES, ELIZABETH
WEATHERSBY, CHARLOTTE J. ARMSTRONG,
BILLY J. HORNE, WAVEYON HOLLOWAY,
WILLIE HINTON, SPECENA HINTON, AND LEE
ANDREW HOWARD ON BEHALF OF THEMSELVES
AND ALL OTHERS SIMILARLY SITUATED                    PLAINTIFFS

V.                                        CIVIL ACTION NO. 3:07CV698 HTW-LRA

MISSISSIPPI FARM BUREAU MUTUAL INSURANCE
COMPANY, MISSISSIPPI FARM BUREAU CASUALTY
INSURANCE COMPANY, SOUTHERN FARM BUREAU
CASUALTY INSURANCE COMPANY, SOUTHERN
FARM BUREAU LIFE INSURANCE COMPANY, RURAL
INSURANCE AGENCY, INC., MISSISSIPPI FARM
BUREAU FEDERATION, CORPORATE DOE DEFENDANTS
1-50, NON-PROFIT DEFENDANTS 1-100, AND INDIVIDUAL
DOES DEFENDANTS 1-50                                DEFENDANTS

## ORDER OF DISMISSAL

Before the court are three motions. The first is a motion to dismiss [docket no.

17] brought by defendant Southern Farm Bureau Life Insurance Company and joined

by defendants Mississippi Farm Bureau Mutual Insurance Company; Mississippi Farm

Bureau Casualty Insurance Company; Southern Farm Bureau Casualty Insurance

Company; and Rural Insurance Agency, Inc. The others, also brought by Southern

Farm Bureau Life Insurance Company, are: a motion for sanctions requesting

attorney's fees and costs, and the dismissal of plaintiff Lee Andrew Howard from this

lawsuit for his failure to appear at depositions [docket no. 127]; and a motion to dismiss

deceased plaintiff Herbert C. Allen and for award of costs [docket no. 146].

## I. Background

The plaintiffs here, along with others, in December 2002, filed a lawsuit in Holmes County, Mississippi, Circuit Court entitled *Jones Temple Church of God in Christ, et al. v. Mississippi Farm Bureau Mutual Ins. Co., et al,* Case No. 2002-633, against Mississippi Farm Bureau Mutual Insurance Company;  Mississippi Farm Bureau Casualty Insurance Company;  Southern Farm Bureau Casualty Insurance Company;  Southern Farm Bureau Life Insurance Company;  Rural Insurance Agency, Incorporated;  Mississippi Farm Bureau Federation;  and John Does.  The plaintiffs alleged that the defendant insurance companies had discriminated against African-American individuals and churches by engaging in a fraudulent scheme and course of conduct which included marketing and selling insurance policies to plaintiffs for higher rates and with inferior terms than the policies offered and sold to similarly-situated Caucasian individuals and churches.  Plaintiffs expressly waived and disavowed all federal claims in their complaint.

On May 16, 2003, the defendants removed the *Jones Temple* lawsuit to this federal court.  Plaintiffs reacted by filing a motion to remand on June 17, 2003.  On the basis of plaintiffs' disavowal of any federal claims, this court remanded the action to the Holmes County Circuit Court on March 26, 2004.  On November 28, 2006, the state circuit court dismissed the lawsuit, but gave all plaintiffs who had an independent basis for venue in Holmes County, Mississippi, the opportunity to refile in Holmes County Circuit Court within thirty (30) days.  The court gave all other plaintiffs, including the

plaintiffs in the action presently before the court, twelve (12) months to refile their claims in the appropriate venue.

On November 29, 2007, sixteen plaintiffs – Thelma Gamblin;  Herbert C. Allen, Sr.;  Nanie G. Allen;  Earl Glenn, Sr.;  Hattie Glenn;  Willie Graves;  Willie B. Harris;  Viola Harris;  Willie Jones;  Elizabeth Weathersby;  Charlotte J. Armstrong;  Billy J. Horne;  Waveyon Holloway;  Willie Hinton;  Specena Hinton;  and Lee Andrew Howard, on behalf of themselves and all others similarly situated, filed a complaint and an amended complaint in this court against defendants Mississippi Farm Bureau Mutual Insurance Company;  Mississippi Farm Bureau Casualty Insurance Company;  Southern Farm Bureau Casualty Insurance Company;  Southern Farm Bureau Life Insurance Company;  Rural Insurance Agency, Inc.;  Mississippi Farm Bureau Federation;  Corporate Doe Defendants 1-50;  Non-profit Defendants 1-100;  and Individual Does Defendants 1-50.[1]  This dispute is a class action brought on behalf of all African-American persons who have or had an ownership interest in one or more policies issued, serviced or administered by Mississippi Farm Bureau on which rate or policy arrangements or both were allegedly imposed in a discriminatory manner. Plaintiffs raise federal claims of racial discrimination under Title 42 U.S.C. § 1981[2] and

---

[1]The "Corporate Doe Defendants" 1-50; Non-profit Defendants 1-100; and Individual Does Defendants 1-50 are all fictitious, since plaintiffs never named real defendants.  These fictitious defendants are dismissed.

[2]Section 1981 reads in pertinent part:

(a) Statement of equal rights. All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains,

3

Title 42 U.S.C. § 1982,[3] along with various state law claims, to wit: misrepresentation, concealment, discrimination, assumpsit, and unjust enrichment.  Plaintiffs seek injunctive and equitable relief, compensatory damages, punitive damages, rescission and other remedies.

This court held a hearing in this matter on March 5, 2009, and concluded that additional discovery and briefing were needed.  The court withheld ruling on defendant's motion to dismiss [docket no. 17], and the parties were allowed ninety (90) days: (1) to find additional authority whether judicial estoppel applies to the resurrection of federal claims earlier abandoned; (2) to complete discovery on the question of when plaintiffs knew or reasonably should have known of the injury they claim in this matter; and (3) to supplement or refile their motions accordingly.

Since the March 5, 2009, hearing in this matter, nine plaintiffs - Willie Graves, Willie B. Harris, Viola Harris, Willie Jones, Elizabeth Weathersby, Charlotte J. Armstrong, Billy J. Horne, Willie Hinton and Specena Hinton - have been terminated as parties by way of stipulation.  The seven plaintiffs remaining are: Thelma Gamblin, Herbert C. Allen, Sr., Nanie G. Allen, Earl Glenn, Sr., Hattie Glenn, Waveyon Holloway, and Lee Andrew Howard.  All remaining parties have either submitted supplemental briefs on the outstanding motions, or joined another party's supplemental briefs.

_____

penalties, taxes, licenses, and exactions of every kind, and to no other.

[3]Section 1982 states:

All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property.

Having considered all pertinent submissions, this court now issues a ruling.

## II.  Analysis of Law

### A.  Motion to Dismiss

Defendants attack plaintiffs' complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted."  This court considers the facts in the light most favorable to the plaintiff and determines whether the complaint states a valid claim for relief. *United States ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 379 (5th Cir. 2003).  In deciding a motion to dismiss, this court may consider documents attached to or incorporated in the complaint and matters of which judicial notice may be taken. *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996). See also *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007)) (When considering a motion to dismiss, the court may look to "the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference.").

### 1.  Statute of Limitations

Federal civil rights actions brought under § 1981, which lacks an express statute of limitations, are governed by the most closely analogous limitations period provided under state law.  *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 278 (5th Cir. 2004) (citing *Johnson v. Railway Express Agency*, 421 U.S. 454, 463-66, 44 L. Ed. 2d 295, 95 S. Ct. 1716 (1975);  *Jones v. ALCOA, Inc.*, 339 F.3d 359, 364 (5th Cir. 2003)).  In this case, the relevant limitations period is three years from the date the cause of action accrued

according to Mississippi Code Annotated Section 15-1-49.[4]  *See Boykin v. Georgia-Pacific Corp.*, 706 F.2d 1384, 1394 (5th Cir. 1983);  *Hervey v. Metlife Gen. Ins. Corp. Sys. Agency of Miss., Inc.*, 147 F. Supp. 2d 517, 518 (S.D. Miss. 2001).

State law governs tolling exceptions.  *Burge v. Parish of St. Tammany*, 996 F.2d 786, 787 (5th Cir. 1993) (citing *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir.1992)). It is "bedrock Mississippi law" that filing a complaint tolls the running of the statute of limitations, as long as process is timely served.  *Herrington v. Promise Specialty Hosp.*, 665 F. Supp. 2d 708, 711 (S.D. Miss. 2009) (citing *Owens v. Mai*, 891 So. 2d 220, 223 (Miss. 2005); *Erby v. Cox*, 654 So. 2d 503, 505 (Miss. 1995).  *See also Crown v. Parker*, 462 U.S. 345, 353-354, 103 S. Ct. 2392, 76 L. Ed. 2d 628 (1983) (The commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class.);  *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467, 82 S. Ct. 913, 8 L. Ed. 2d 39 (1962) (When a lawsuit is filed, that filing shows a desire on the part of the plaintiff to begin his case and thereby tolls whatever statutes of limitation would otherwise apply.)

Further, Mississippi courts repeatedly have held that dismissal for lack of subject matter jurisdiction is a "matter of form" to which the Savings Statute applies. *Herrington*, 665 F. Supp. 2d at 710 (citing *Crawford v. Morris Transportation, Inc.*, 990 So. 2d 162, 170 (Miss. 2008);  *Deposit Guaranty National Bank v. Roberts*, 483 So. 2d

---

[4]Section 15-1-49 states in pertinent part:

(1) All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after.

348, 353 (Miss. 1986); *Hawkins v. Scottish Union & Nat'l Ins. Co.,* 69 So. 710, 712

(Miss. 1915).  The Savings Statute, Mississippi Code Annotated § 15-1-69 states:

> If in any action, duly commenced within the time allowed, the writ shall be abated, or the action otherwise avoided or defeated . . . for any matter of form . . . the plaintiff may commence a new action for the same cause, at any time within one year after the abatement or other determination of the original suit, or after reversal of the judgment therein, and his executor or administrator may, in case of the plaintiff's death, commence such new action, within the said one year.

Plaintiffs argue that upon filing their 2002 complaint, in *Jones Temple*, the statute

of limitations was tolled on their claims.  Further, they contend that the state court's

dismissal was a dismissal as a matter of form, which further tolled their claims for one

year.  Thus, they argue, they filed suit timely in this court because their time was not

running while their lawsuit in state court was pending or during the one year they had to

refile the case.

Defendants argue that plaintiffs' federal causes of action in this case are time-

barred.  Defendants assert that the pleadings, along with the discovery the court

ordered, demonstrate that the plaintiffs were aware of the necessary facts to assert

their federal claims as of December 31, 2002, when they filed the *Jones Temple*

complaint.  Federal law governs when a civil rights action accrues.  *Burns v. Harris*

*County Bail Bond Bd.*, 139 F.3d 513, 518 (5th Cir. 1998).  Under federal law, such

actions accrue "when the plaintiff knows or has reason to know of the injury which is the

basis of the action."  *Id.* (citations omitted).

Herbert C. Allen, Nanie G. Allen, Earl Glenn, Sr., Hattie Glenn, Thelma Gamblin,

Waveyon Holloway, and Lee Andrew Howard all responded to the defendant's first set

of requests for admission by admitting to: requests number one (1); number five (5); and seven (7). Under request number one, plaintiffs above answered that they "were previously a plaintiff in the action encaptioned: *Jones Temple Church of God in Christ, et al. v. Mississippi Farm Bureau Mutual, et al.*, Case No. 2002-633, filed in the Holmes County Circuit Court on December 31, 2002." Pursuant to request number five, they stated that they "retained or engaged counsel, prior to November 24, 2004, to represent [them] in connection with claims of discrimination against one or more of the Defendant Companies." And, with respect to request number seven, they admitted that they were "aware of the *Jones Temple* case prior to November 27, 2004." Defendants attached these responses to their motion.

The above admissions clearly and undisputedly show that all seven remaining plaintiffs, prior to November 24, 2004, more than three years before they filed suit in federal court on November 29, 2007, knew or should have known of the injury that is the alleged basis of this lawsuit *sub judice*.

Armed with these facts, defendants race to the conclusion that this entire lawsuit is time-barred and must be dismissed. Defendants, though, do not factor in certain intervening circumstances which impact their argument. Plaintiffs herein were parties to the *Jones Temple* lawsuit, the filing of which tolled the statute of limitations in 2002. From 2002 until 2007, the statute of limitations remained tolled. The *Jones Temple* action was in state court, then federal court, back to state court, dismissed but subject to resurrection if refiled in 2007. To be barred from litigation, plaintiffs must have known of their alleged juridical circumstance three (3) years before the filing of *Jones Temple*.

Defendants have submitted no such evidence relative to their attempt to decimate plaintiffs' entire lawsuit, federal and state claims, with one broad stroke. This is not to say, however, that defendants cannot accomplish the same end in their two-stroke attack: first, a successful attack upon plaintiffs' federal claims; next, a successful argument that the court should dismiss the remaining state law claims for want of a federal jurisdictional anchor.

When plaintiffs filed *Jones Temple,* they waived and disavowed all federal claims available to them. They specifically disavowed §§1981 and 1982, upon which they rely in the present suit. Plaintiffs first raised and pursued federal claims on November 29, 2007, when they filed the present matter in this court.

The statute of limitations has run on plaintiffs' federal claims. Those claims, never presented until now, were not preserved in state court with the state court claims. All plaintiffs, by their admission of having participated as plaintiffs in the *Jones Temple* suit leave the court no doubt that they knew of their injuries when that case was filed on December 31, 2002, considerably more than three years prior to when plaintiffs filed suit in this court on November 29, 2007. Therefore, plaintiffs' federal claims must be dismissed.

**2. Judicial Estoppel and Waiver**

Defendants also contend that plaintiffs are judicially estopped from raising any federal claims since they previously waived and disavowed all federal claims in this matter in a lawsuit previously filed in Holmes County, Mississippi, Circuit Court in December 2002 and removed to this court in May 2003, styled *Jones Temple Church of*

*God v. Mississippi Farm Bureau Mutual Ins. Co.*, No. 3:03-cv-698-WS (S.D. Miss,
Jackson Division).  The court directed the parties at the May 5, 2009, hearing to provide
the court with authority, if any, on whether plaintiffs may return before a federal court
raising federal claims after that court has granted remand based on the plaintiffs'
disavowal of such claims.  The plaintiffs' supplements are devoid of any such authority.

Prior to the court's call for supplemental briefs, in response to the defendants'
initial motion to dismiss, plaintiffs earlier had stated that judicial estoppel did not apply
because plaintiffs were not parties to the *Jones Temple* lawsuit.  As abovementioned,
the court-ordered discovery has revealed otherwise.  All seven remaining plaintiffs -
Herbert C. Allen, Nanie G. Allen, Earl Glenn, Sr., Hattie Glenn, Thelma Gamblin,
Waveyon Holloway, and Lee Andrew Howard admitted in their response to Southern
Farm Bureau Life's first set of requests for admission that they had been plaintiffs in the
*Jones Temple* suit.

The Fifth Circuit has generally considered judicial estoppel a matter of federal
procedure and has applied federal law.  *Hall v. GE Plastic Pacific PTE Ltd.*, 327 F.3d
391, 395 (5th Cir. 2003).  Judicial estoppel is a common law doctrine that prevents a
party from assuming inconsistent positions in litigation.  *Superior Crewboats, Inc. v.
Primary P & I Underwriters*, 374 F.3d 330, 334 (5th Cir. 2004) (citing *Brandon v.
Interfirst Corp.*, 858 F.2d 266, 268 (5th Cir. 1988)).  The doctrine is not intended to stop
all inconsistencies;  instead, "[t]he purpose of the doctrine is to protect the integrity of
the judicial process by preventing parties from playing fast and loose with the courts to
suit the exigencies of self interest."  *Superior Crewboats*, 374 F.3d at 334 (citing

*Browning Mfg. v. Mims*, 179 F.3d 197, 205 (5th Cir. 1999)).   "Where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him."  *New Hampshire v. Maine*, 532 U.S. 742, 749, 121 S.Ct. 1808, 149 L. Ed. 2d 968 (2001).

While it is difficult, if at all possible, to reduce the application of judicial estoppel to any general formulation of principle, several factors typically inform the decision of whether to apply the doctrine in a particular case.  *New Hampshire,* 532 U.S. at 750: "First, a party's later position must be 'clearly inconsistent' with its earlier position"; "Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create 'the perception that either the first or the second court was misled,'" and "[a] third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped."  *Ford-Evans v. United Space Alliance LLC*, 329 Fed. Appx. 519, 525 (5th Cir. 2009) (quoting *New Hampshire v. Maine*, 532 U.S. at 750-51).  The court should determine whether the factors listed above tip the balance of equities in favor of barring a party's position.  *New Hampshire*, 532 U.S. at 751.

As for the first factor of judicial estoppel, plaintiffs' later position is clearly inconsistent with their earlier position.  They now claim, as stated in their complaint,

"[t]he court has federal question jurisdiction pursuant to [Title] 28 U.S.C. § 1331 for Plaintiffs' claims of violations of [Title] 42 U.S.C. §§ 1981 and 1982, and violations of certain provisions and Amendments of the United States Constitution." This is in direct contradiction to the plaintiffs' complaint that this court considered when these same plaintiffs filed a motion to remand in *Jones Temple*. The plaintiffs' position at the time included such statements in their complaint as:

> The plaintiffs bring this Complaint solely under state law and *not under federal law, and specifically not* under the United States Constitution, or any of its amendments, or *under [Title] 42 U.S.C. § 1981 or 1982*, or any other federal statute, law, rule or regulation.

(emphasis added). Plaintiffs put forth this proposition so strongly that they also stated in that same paragraph of their complaint:

> If this court or the appellate courts of Mississippi were to rule that these plaintiffs have no cause of action under Mississippi state law for the conduct set out herein, then these plaintiffs simply do not have any remedy, because these plaintiffs *expressly waive and hereby disavow any claim for any relief whatsoever under any federal laws or any federal question concerning the allegations in this Complaint*, whether said allegations are pled or not.

(emphasis added). The first factor weighs in favor of defendants.

The second factor is judicial acceptance of plaintiffs' previous argument. In district court, plaintiffs previously successfully argued that they would not rely on any pertinent federal cause of action. The court clearly relied on this assertion. The court referred to the abovementioned portion of plaintiffs' paragraph in its order granting remand. The court stated:

> Clearly, by the [abovementioned] passage in their complaint, the plaintiffs have waived and disavowed any federal causes of action for the conduct charged to the defendants in the complaint. Further, as the [abovementioned] passage plainly shows, plaintiffs recognize the potential applicability of federal law to the conduct they ascribe to the defendants,

12

but they knowingly have rejected any reliance on any applicable federal cause of action.

This court relied on the case, *Waste Control Specialists, LLC v. Envirocare of Texas, Inc.*, 199 F.3d 781, 784 (5th Cir. 2000), in which the Fifth Circuit held that even though a plaintiff could allege a federal cause of action, the plaintiff's choice is entitled to respect and removal is precluded in the absence of complete federal preemption. Noting again that plaintiffs "expressly rejected reliance on any federal claims," the court granted plaintiffs' motion to remand. This court accepted plaintiffs' previous argument of disavowal, which is clearly inconsistent with plaintiffs' present position. The purpose of judicial estoppel is to prevent parties from contradicting a prior court determination. *Ford-Evans v. United Space Alliance LLC*, 329 Fed. Appx. 519, 526 (5th Cir. 2009). Accordingly, this court finds that the second factor weighs in favor of defendants.

The third component of judicial estoppel is whether plaintiffs would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. Because judicial estoppel is designed to protect the judicial system, not the litigants, detrimental reliance by the party opponent is not required. *Superior Crewboats, Inc. v. Primary P & I Underwriters* (*In re Superior Crewboats, Inc.*), 374 F.3d 330, 334 (5th Cir. 2004).

Plaintiffs had the option to file in state court and attempt to recover. They cannot now come back and attempt to recover for federal claims which they insisted in the first suit they would not bring. Plaintiffs' current position is clearly inconsistent with their previous position which they successfully asserted in the previous suit, and they lack any defense. Plaintiffs show no good cause for their change in position. There has

13

been no new pronouncement by the courts and no change in facts.

What changed was that the sixteen initial plaintiffs in *Jones Temple* were dismissed from state court and faced with the options to refile separately in the proper venues in state court or refile together in federal court, despite their disavowal of any federal claims. Had plaintiffs refiled in state court, the sixteen plaintiffs would have been required to file at least seven different actions since venue would have been proper in seven different circuit court districts.[5] Plaintiffs made a strategic decision to

---

[5]The complaint provides the following residential information about plaintiffs:

| Plaintiff | City | County | Circuit Court District |
|---|---|---|---|
| Willie B. Harris | New Albany, MS | Union | |
| Viola Harris | New Albany, MS | Union | 3 |
| Charlotte Armstrong | Big Creek, MS | Calhoun | |
| Billy J. Horne | Philadelphia, MS | Neshoba | 8 |
| Waveyon Holloway | Mt Olive, MS | Covington | |
| Willie Jones | Heidelberg, MS | Jasper | 13 |
| Thelma Gamblin | Silver Creek, MS | Lawrence | |
| Willie Graves | Bassfield, MS | Jefferson Davis | |
| Willie Hinton | Carson, MS | Jefferson Davis | 15 |
| Spencena Hinton | Carson, MS | Jefferson Davis | |
| Elizabeth Weathersby | Silver Creek, MS | Lawrence | |
| Earl Glenn, Sr. | Macon, MS | Noxubee | |
| Hattie Glenn | Macon, MS | Noxubee | 16 |
| Herbert C. Allen, Sr. | Silver City, MS | Humphreys | |
| Nanie G. Allen | Silver City, MS | Humphreys | 21 |
| Lee Andrew Howard | Port Gibson, MS | Claiborne | 22 |

pursue all of their claims under state law and in doing so successfully ensured that their claims could not be brought before this court, but once that strategy no longer benefitted them, they changed their strategy and their position, adding federal claims to the present suit so they could appear before this court. General principles of judicial estoppel dictate that "a party cannot advance one argument and then, for convenience or gamesmanship after that argument has served its purpose, advance a different and inconsistent argument." *Hall*, 327 F.3d at 397. This court will not allow plaintiffs to play "fast and loose" with the court by "changing positions based upon the exigencies of the moment." Therefore, plaintiffs' federal claims *sub judice* are also dismissed on the ground of judicial estoppel, the court earlier having dismissed these claims as time-barred.

**B.     Motion to Dismiss Plaintiff Lee Andrew Howard for Failure to Appear at Deposition**

Pursuant to Federal Rules of Civil Procedure 30(g)[6] and 37(d),[7] defendant

---

[6]Rule 30(g) reads as follows:  Failure to Attend a Deposition or Serve a Subpoena; Expenses. A party who, expecting a deposition to be taken, attends in person or by an attorney may recover reasonable expenses for attending, including attorney's fees, if the noticing party failed to:
  (1) attend and proceed with the deposition; or
  (2) serve a subpoena on a nonparty deponent, who consequently did not attend.

[7]Rule 37(d) states:  Party's Failure to Attend Its Own Deposition, Serve Answers to Interrogatories, or Respond to a Request for Inspection.
  (1) In General.
    (A) Motion; Grounds for Sanctions. The court where the action is pending may, on motion, order sanctions if:
      (i) a party or a party's officer, director, or managing agent--or a person designated under Rule 30(b)(6) or 31(a)(4)--fails, after being served with proper notice, to appear for that person's deposition
. . . .

Southern Farm Bureau Life Insurance Company requests that the court: (1) award fees and costs against plaintiffs' counsel and the pertinent plaintiffs for failure to appear at a noticed deposition during the 90-day discovery period ordered by the court and (2) dismiss Lee Andrew Howard for his failure, without prior notice or excuse, to appear at two properly noticed depositions.

On March 20, 2009, defense counsel Barry Hassell filed notice that he would take the deposition of each of the sixteen plaintiffs "at a time and place mutually agreeable to the parties and their attorneys." On April 14, 2009, Hassell filed a re-notice of deposition, which stated that the deposition would occur at the law office of Copeland Cook Taylor & Bush located in Ridgeland, Mississippi. Exhibit A, which was attached to the re-notice, listed the proposed times for each plaintiff. Also, on April 14, 2009, Hassell sent plaintiffs' counsel an email stating that "[defense counsel] previously noticed the depositions of each plaintiff for an agreeable time and place. We have confirmed that counsel for all of the defendants are available for depositions from May 4th - May 7th." Hassell again emailed plaintiffs' counsel on April 20, stating:

> I have received no response to my [April 14, 2009] email below regarding the scheduling of plaintiffs depositions for May 4th through 7th as set forth in Exhibit A to the Re-Notice of deposition filed on April 14th. Please confirm that the attached deposition schedule is agreeable. Defense counsel has already made the necessary arrangements to be available on these dates.

---

(3) Types of Sanctions. Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Defense counsel continued preparation for the depositions of the sixteen plaintiffs and finalized arrangements. On April 30, 2009, two business days before the depositions were to commence, Mark L. McLeod, one of plaintiffs' counsel, made the first communication on behalf of plaintiffs with Hassell regarding the deposition schedule. After a telephone conversation with Hassell, McLeod explained by email:

> I had anticipated that my assistant received the e-file constituting the unilateral noticing of these depositions for the time period proposed from May 4-7, and I requested her to confirm the dates proposed to see if my clients could proceed. However, because she is apparently not listed as an e-file notice recipient, she was not aware the notices had actually been filed. Therefore, she did not know to contact them. I was waiting to hear from her so I could get back to you. I apologize for the difficulty, but the notices were unilaterally scheduled, and while we are trying our best to make sure the Plaintiffs can appear, I have not agreed to those dates and there may be problems with Plaintiffs who have conflicts. However, we will try to confirm as many of the slots as circumstances will allow.

After the close of business on Friday, May 1, 2009, Mark McLeod sent another email. It indicated that:

> (a) three depositions - those of Earl and Hattie Glenn and Thelma Gamblin - were confirmed;
> (b) three plaintiffs - Willie and Viola Harris and Willis Graves - would voluntarily dismiss their claims;
> (c) Lee Andrew Howard and Willie Jones would notify plaintiffs' counsel on Monday, May 4 of their availability;
> (d) Herbert Allen was deceased, and his daughter would tell counsel whether Herbert's wife Nanie Allen, who was infirm and immobile, would be able to make her scheduled slot;
> (e) counsel had been unsuccessful after several attempts to reach Billy Horne, including "informing him of the proposed place and time for his deposition";
> (f) counsel had been unsuccessful after multiple attempts to reach Elizabeth Weathersby, Charlotte Armstrong and Waveyon Holloway and discovered that Armstrong and Holloway moved to an unknown location.

McLeod ended the email stating that plaintiffs' counsel would attempt to confirm as many depositions as possible and that he did not believe any depositions would take

place on Monday, May 4, unless Nanie Allen was able to come.

The next business day, Monday, May 4, 2009, at 9:00 a.m., defense counsel appeared in Ridgeland, Mississippi, for the depositions. Jason Patrick Kairalla, defense counsel for Southern Farm Bureau Life Insurance Company, traveled from Miami, Florida, to attend the depositions. Four of the sixteen plaintiffs - Thelma Gamblin, Nanie Allen, Hattie Glenn, Earl Glenn - appeared for their depositions. By the end of the week: (a) eight of the twelve who did not appear authorized plaintiffs' counsel to stipulate their voluntary dismissal from this case with prejudice; (b) Herbert C. Allen was determined to have been deceased; and (c) the depositions of the other three (Waveyon Holloway, Billy J. Horne, and Lee Andrew Howard) were rescheduled for June 4, 2009. Only one of the three plaintiffs whose deposition was rescheduled appeared for her deposition. Horne did not appear at the rescheduled deposition but authorized his attorney to voluntarily dismiss him from the case. Howard, scheduled to appear for a second time, again failed to appear.

Defendants file this motion pursuant to Rule 30(g). Rule 30(g) does not apply to this situation. The rule says a party may recover reasonable expenses for attending a deposition if the *noticing party* failed to attend and proceed with the deposition. Rule 30(g) taxes sanctions against the *noticing party*, which would be the defendants in this case, not the *noticed party*, the term defendants use in their memorandum apparently in an attempt to refer to the plaintiffs as the sanctionable party.[8]

---

[8]Defendants state in their memorandum:

Rule 30(g) provides that: "[a] party who, expecting a deposition to be taken, attends in person or by an attorney may recover reasonable expenses for

Defendants also file this motion pursuant to Rule 37(d)(3). Rule 37(d)(1) allows for sanctions when a party fails to appear for his/her own deposition after being served with proper notice. Rule 37(d)(3) requires that the court award sanctions against the party who failed to appear, the party advising that attorney or both for "reasonable expenses, including attorney's fees caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

Defendants contend that plaintiffs failed, without substantial justification, to produce twelve of sixteen plaintiffs for their depositions noticed for May 4-7, 2009, as well as two of those noticed for June 4, 2009, and there are no circumstances that make an award of expenses unjust. Plaintiffs argue that such an award would be unjust because they notified defendants that they could not reach some of the plaintiffs to confirm the dates proposed by the defendants, and some plaintiffs simply had conflicts. Additionally, the dismissal of eight of the plaintiffs upon being approached for deposition by plaintiffs' counsel greatly benefitted the defendants. Plaintiffs also argue that defendants, aware of the difficulties with the schedule they set, made a choice to proceed with that schedule.

---

attending, including attorney's fees, if the *noticed party* failed to: (1) attend and proceed with the deposition. . ."

(emphasis added).

Rule 30(g) actually states:

A party who, expecting a deposition to be taken, attends in person or by an attorney may recover reasonable expenses for attending, including attorney's fees, if the *noticing party* failed to: (1) attend and proceed with the deposition . . .

(emphasis added).

As to Lee Andrew Howard, plaintiffs' counsel notified defendants that Howard needed to reschedule his initial date. Howard is a school principle and, said plaintiffs, on the dates defendants scheduled for the deposition, since they were at the end of the school year, Howard needed to be at school. Defendants agreed to reschedule his deposition, which Howard missed. Plaintiffs' counsel informed Hassell at 12:16 p.m. on the day of the deposition that Howard "[would] be unable to attend the deposition [scheduled for] 1:30 p.m. because his doctor . . . elected to send him to the hospital to undergo some sort of medical testing" after what plaintiffs' counsel says was supposed to be a routine visit to monitor a long-standing cardiovascular condition Howard had. Plaintiffs' counsel says the parties agreed to reschedule the deposition to a time beyond the discovery deadline in order to accommodate defendants, but defendants never responded to reset a time. Defendants, on the other hand, say that plaintiffs' counsel was supposed to provide them with alternative dates but never provided any such dates.

Plaintiffs further argue that the costs defendants seek are not reasonable because defendants asked questions beyond the court-ordered purpose for that limited discovery, which was to determine when each plaintiff first became aware of the claims. Further, say plaintiffs, defendants' request for fees in connection with reviewing pleadings, preparing outlines, conferences in preparation, and travel, should not be reimbursed because these are preparatory exercises defendants would have had to undertake for trial and for the depositions that did take place.

This court is not persuaded that sanctions would be just in this case for the failure of plaintiffs to appear for depositions. Defendants chose to incur preparation

expenses while knowing they had not obtained plaintiffs' confirmation to appear on the dates defendants unilaterally had set. Defendants chose to incur the expense of traveling and appearing knowing that only three depositions had been confirmed. Either prior to or during the week for which defendants set depositions, due to the cooperation of plaintiffs' counsel, defendants had obtained the deposition of four plaintiffs, set a new deposition date to which defendants had agreed for three plaintiffs, and obtained stipulations of dismissal for all the other plaintiffs except the one who was one deceased.

The only plaintiff for which agreeable compliance was not ultimately obtained was Howard. It is undisputed that plaintiffs' counsel informed defendants that Howard was not able to be deposed during the initial deposition schedule because of work responsibilities. It is also undisputed that on the second date to which plaintiffs and defendants agreed plaintiffs' counsel informed defendants prior to the time scheduled for Howard's deposition that Howard would be unable to attend his deposition because of medical reasons. Plaintiffs and defendants agree that they discussed rescheduling the deposition but that neither party has followed through on setting a date.

Plaintiffs' counsel informed defendants of the results of attempts to contact fourteen of the sixteen plaintiffs prior to the date depositions were set to begin. The court has considered the circumstances, as presented by all parties, and finds that plaintiffs' counsel seemed to have made a good faith attempt to attain the availability of the plaintiffs prior to the deposition schedule and to work with defendants to obtain the depositions. Further, this court has no reason to believe the plaintiffs acted in a manner deserving of sanctions. Accordingly, this court denies defendants' request for sanctions

for plaintiffs' failure to appear at their initially scheduled depositions.

**C.   Motion to Dismiss Deceased Plaintiff Herbert C. Allen and for Award of Costs**

Defendant Southern Farm Bureau Life Insurance Company, joined by Mississippi Farm Bureau Mutual Insurance Company, Mississippi Farm Bureau Casualty Insurance Company, Southern Farm Bureau Casualty Insurance Company, and Rural Insurance Agency, Inc., request that this court dismiss plaintiff Herbert C. Allen, who was deceased at the time plaintiffs filed this suit.  Indeed, according to Allen's death certificate, which defendants submitted with their supplemental memorandum, Allen died on June 19, 2006, prior to the filing of this lawsuit on November 29, 2007.  One cannot initiate an action in the name of a deceased person.  *Adelsberger v. United States*, 58 Fed. Cl. 616, 618 (Fed. Cl. 2003).  A party must have a legal existence as a prerequisite to having the capacity to sue or be sued.  *Id.*  Therefore, plaintiff Herbert C. Allen is dismissed from this lawsuit for lack of capacity in addition to the above-mentioned reasons.  This court has not been informed whether an estate has been opened by any heirs or authorized persons.

Defendants, without specifying an amount, also request a reasonable amount of fees and costs incurred in connection with bringing this motion and defending against Mr. Allen's claims, including preparing for and attempting to take Allen's deposition. They argue that had plaintiff's counsel informed defendants of the death of the deceased plaintiff prior to the setting of Allen's deposition, fees and costs associated with certain discovery and other preparations for his deposition could have been avoided.  At the time of Mrs. Allen's deposition, counsel for defendants requested that

Mr. Allen's case be voluntarily dismissed; however, defendants say this request was refused. Plaintiffs' counsel responded to discovery requests, served years after Allen's death, as though Allen were alive, and as though they had discussed the requests with him. Southern Farm Bureau Life Insurance Company and the other defendants may have incurred unnecessary expenses with respect to claims by a deceased plaintiff which should never have been filed.

The defendants filed this motion on March 30, 2010, and plaintiffs have not yet responded. According to Rule 7(b)(4) of the Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi, "[c]ounsel for respondent must, within fourteen days after service of movant's memorandum brief, file a memorandum brief in response." The rule further states that "[a] party must make any request for an extension of time in writing to the judge who will decide the motion." The deadline for plaintiff to file a response was April 13, 2010. Plaintiff neither filed a response nor requested an extension of time by that date.

A court may exercise its inherent powers to sanction discovery abuses. *Natural Gas Pipeline Co. of America v. Energy Gathering, Inc.*, 2 F.3d 1397, 1410-11 (5th Cir. 1993). Plaintiffs have not timely responded to defendants' motion. From the facts before it, the court finds that plaintiffs acted in bad faith concerning the deceased plaintiff Herbert C. Allen and awards defendants sanctions. Defendants have not specified an amount requested. The Fifth Circuit has stated that a sanction should be tailored to fit the particular wrong. *Topalian v. Ehrman*, 3 F.3d 931, 936 (5th Cir. 1993). Thus, the defendants should submit an itemized statement of the costs and attorney's

fees incurred in relation to plaintiff Herbert C. Allen, including the bringing of this motion, within ten (10) days, or not later than May 13, 2010.

## D.    State Law Claims

For the foregoing reasons, this court dismisses plaintiffs' federal claims with prejudice.  This holding also affects this federal venue for plaintiffs' state law claims of misrepresentation, concealment, discrimination, assumpsit, and unjust enrichment. Plaintiffs claimed federal question jurisdiction for their federal claims under Title 28 U.S.C. § 1331[9] and supplemental jurisdiction for their state law claims under Title 28 U.S.C. § 1367.[10]  Without their federal claims, this lawsuit provides no anchor to hold the remainder of the lawsuit here in federal court.  *See Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999) ("When a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims.") (citing *Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir. 1989)).  Therefore, the court dismisses plaintiffs' state law claims without prejudice.

## III.  Conclusion

This court earlier dismissed plaintiffs' federal claims as time-barred and also

---

[9]Section 1331 states: The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

[10]Section 1367(a) states:

(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

because of judicial estoppel.  Since the court now dismisses plaintiffs' state law claims,

this court has dismissed the entirety of plaintiffs' lawsuit.  Plaintiffs' federlal claims are

dismissed with prejudice.  Plaintiffs' state law claims are dismissed without prejudice.

 **SO ORDERED** this the 30th day of April, 2010.

> **s/ HENRY T. WINGATE**
> **CHIEF JUDGE**
> **UNITED STATES DISTRICT COURT**

Civil Action No. 3:07-cv-698 HTW-LRA
Order Granting Motion to Dismiss